COMMISSIONER OF HEALTH — POWERS REGARDING LOCATION OF SEWAGE PLANT The provisions of 63 O.S. 1-908 [63-1-908] through 63 O.S. 1-911 [63-1-911], do not confer jurisdiction on the State Commissioner of Health to consider the proposed location of the sewage treatment plant proposed to be built by the City of Oklahoma City, prior to the issuance of a permit by the State Commissioner. In attempting to determine whether to issue a permit for the construction of a sewage treatment plant, the State Commissioner of Health should consider only those things which have a material bearing upon the items enumerated in the provisions of 63 O.S. 1-908 [63-1-908] through 63 O.S. 1-911 [63-1-911], which are to be considered by him in arriving at his determination. The Attorney General has considered your request for an opinion dated March 1, 1971. In your letter you state that the City of Oklahoma City has filed an application with the Commissioner of Health for the issuance of a permit for the construction of a sewage treatment plant, pursuant to the provisions of 63 O.S. 1-908 [63-1-908] through 63 O.S. 1-911 [63-1-911] (1970). You also state in your letter that the location of the proposed treatment plant will be within the City Limits of the City of Guthrie, and that the City of Guthrie has filed a protest with the Commissioner of Health on the location of the sewage treatment plant. In regard to these facts, you ask for an opinion from the Attorney General as to whether the provisions of 63 O.S. 1-908 [63-1-908] through 1-911, or other pertinent statutes relating to the problem, require that the City of Guthrie concur in the proposed location of the plant by the City of Oklahoma City prior to the issuance of a permit, or whether it is the responsibility of the Commissioner of Health to act on the application when satisfied that the location, design of the waste treatment facility, and planned operation would be adequate to protect the waters receiving the treated waste discharge will not be adversely affected? ANALYSIS AND DISCUSSION: The provisions of 63 O.S. 1-908 [63-1-908] through 63 O.S. 1-911 [63-1-911] (1970) specifically set out the duties of the State Commissioner of Health in regard to the issuance of permits allowing the letting of contract for the construction work for a sanitary sewer system, or a sewage or waste treatment plant. The application for the issuance of such permit is to be made to the Commissioner upon prescribed forms, and is to be accompanied by a map, plans and specifications prepared by a licensed engineer, with a complete description of the design of the system, sewer outfall and sewage or waste treatment plant, with other data and information as may be required by the Commissioner. The Commissioner is empowered to receive and act upon complaints concerning the pollution or the polluted condition of any of the waters of the State. The Commissioner may issue a permit for the discharge of sewage from a sewer system into any waters of the State, and in that permit he may provide for conditions upon which such discharge will be permitted, based upon his determination of what is in the best interest of the public health and beneficial use of such waters. The above paraphrased provisions of the statutes define and limit those things to be considered by the Commissioner in arriving at his determination as to whether a permit will issue. The location of the plant itself is not mentioned in the statute as being one of the items to be considered by the Commissioner. The location of the plant should not enter into the Commissioner's determination unless it materially affects the merits of the other items to be considered by the Commissioner such as the overall design of system, sewage outfall, and whether the public health and beneficial uses of the State waters will be adversely affected. The Commissioner should not undertake to exercise greater powers than those conferred upon him by statute. In the case of Brown v. State Election Board,369 P.2d 140 (Okl. 1962), the Court stated in the body of its opinion: "Public officers have only such authority as is conferred upon them by law, and such authority must be exercised in the manner prescribed by law." The commissioner is without jurisdiction to determine the location of such a plant unless the contents of the protest by an involved municipality in some way has a material bearing upon those items enumerated in the statutes which are to be considered by the Commissioner in making his determination. The Commissioner has further jurisdiction to referee or arbitrate disputes between or among private parties unless the dispute has a material bearing upon those items to be considered by the Commissioner in making his determination. OPINION: It is the opinion of the Attorney General that the provisions of 63 O.S. 1-908 [63-1-908] through 63 O.S. 1-911 [63-1-911] (1970), do not confer jurisdiction on the State Commissioner of Health to consider the proposed location of the sewage treatment plant proposed to be built by the City of Oklahoma City, prior to the issuance of a permit by the State Commissioner. In attempting to determine whether to issue a permit for the construction of a sewage treatment plant, the State Commissioner of Health should consider only those things which have a material bearing upon the items enumerated in the provisions of. 63 O.S. 1-908 [63-1-908] through 63 O.S. 1-911 [63-1-911], which are to be considered by him in arriving at his determination. (Odie A. Nance)